**\*\* E-filed November 18, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARAMARK UNIFORM AND CAREER APPAREL, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C11-02973 HRL<br><br>**ORDER GRANTING ARAMARK AND PACHECO'S MOTION TO DISMISS AND DENYING THE UNION DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[Re: Docket No. 36, 38]** |

**BACKGROUND**

Plaintiff Dan Sullivan ("Sullivan") sues defendants Aramark Uniform & Career Apparel, Inc., Aramark general manager Bill Pacheco (collectively, "the Aramark defendants"), as well as the International Brotherhood of Teamsters, Local 853 ("Teamster Local 853"), Rose Aloise, and Michael Amaral (collectively "the Union defendants") for their alleged unfair and illegal treatment of him in violation of California law and the collective bargaining agreement ("Master Agreement") that governed Sullivan's employment with Aramark as a Route Sales Representative ("RSR"). Sullivan claims that Aramark, and specifically its General Manager Bill Pacheco, violated the Master Agreement numerous times by retaliating against Sullivan for protected activities such as whistle-blowing, removing accounts from Sullivan's route, and suspending Sullivan without notice or explanation. See Docket No. 35 ¶¶ 14-22 ("First Amended Complaint" or "FAC"). Sullivan filed a grievance under the Master Agreement, but alleges that he was also denied the appropriate due

process as required by the Agreement, and that both Aramark and the Union failed to abide by the terms of the Master Agreement's Grievance and Arbitration clause. Id. at ¶¶ 25-31. On June 26, 2010, Pacheco sent Sullivan a letter stating that Sullivan was "deemed severed." Docket No. 1, Exh. A ¶ 34 ("Complaint").

Roughly nine months later, on March 9, 2011, Sullivan filed the instant action in Santa Clara County Superior Court. See Complaint. The Aramark defendants removed the action to this Court on the basis of diversity on. Docket No. 1 ("Notice of Removal"). The Union defendants joined the removal, and answered the complaint. Docket Nos. 5, 8. The Aramark defendants then moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Docket No. 9. The court granted that motion and directed Sullivan to file an amended complaint within 30 days. Docket No. 26.

Sullivan filed a First Amended Complaint ("FAC"). Docket No. 35. The Aramark defendants and the Union defendants each moved to dismiss, making many of the same arguments as the Aramark defendants made against the original complaint. Docket Nos. 36, 38. Sullivan voluntarily dismissed the Union defendants on November 7. Docket No. 43. Hearing on the motions to dismiss occurred on November 8. Upon consideration of the moving papers and counsel's argument at hearing, Aramark and Pacheco's motion to dismiss is GRANTED. In light of Sullivan's dismissal of the Union defendants, their motion to dismiss is DENIED as MOOT.

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

I. Sullivan's First and Fourth Claims for Breach of Contract and Breach of Duty of Fair Representation

A. Against Aramark

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163 (1983) (citation omitted). "Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective

3

bargaining agreement." Id. at 163-64 (citations omitted). But, when the union representing the employee acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation, "an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." Id. (citations omitted).

"Such a suit, as a formal matter, comprises two causes of action" and is characterized as a "hybrid" action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[1] Id. at 164-65. The claim against the employer, which is based on § 301(a) of the LMRA, authorizes suits between employers and labor organizations for breach of a collective bargaining agreement. Stevens v. Moore Bus. Forms, Inc., 18 F.3d 1443, 1447 (9th Cir. 1994). "A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301. . . [and] displace[s] entirely any state claim based on a collective bargaining agreement . . . ." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983)).

As in their previous motion to dismiss, the Aramark defendants argue that Sullivan has brought a "hybrid action" and so his first and fourth causes of action for breach of contract (the "Master Agreement") and for breach of the duty of fair representation are preempted under § 301 of the LMRA. They are correct now as they were then. These claims clearly allege a breach of the Master Agreement by the Aramark Defendants and the duty of fair representation by the Union Defendants. See FAC ¶¶ 38-44, 58-65. The court held in its Order Granting Aramark and Pacheco's earlier Motion to Dismiss that these claims were "preempted and should be re-characterized as a 'hybrid' claim under § 301 of the LMRA." Docket No. 26, p.6. Sullivan has not re-characterized his

---

[1] This is because the two claims are "inextricably interdependent." DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). "'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" Id. at 165 (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 66-67 (Stewart, J., concurring in the judgment)). "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." Id. "The suit is thus not a straightforward breach of contract suit under § 301 . . . but a hybrid § 301/fair representation claim, amounting to 'a direct challenge to the private settlement of disputes under [the collective-bargaining agreement].'" Id. (quoting Mitchell, 451 U.S. at 66 (Stewart, J., concurring in the judgment)) (internal quotation marks omitted).

4

claim as arising under § 301 of the LMRA; indeed, he has not changed his pleadings for these two claims in any material way.[2]

Next, the Aramark defendants argue that Sullivan's claims are barred by the applicable statute of limitations. As the Supreme Court made clear, a "hybrid" claim under § 301 of the LMRA is subject to a six-month statute of limitations. DelCostello, 462 U.S. at 169; see also Durbin, 2006 WL 3097407, at *2. Sullivan has made no allegation in his FAC that would suggest a tolling of the statute of limitations. The termination letter that he received on June 26, 2010 from Bill Pacheco, which states that Sullivan was "deemed severed" from Aramark, is dated more than nine months before he filed his original complaint. Accordingly, Sullivan's first and fourth claims are DISMISSED.

B. Against Pacheco

Sullivan also brings his first claim against Pacheco individually. The Aramark Defendants have not renewed the argument, which they made in their original motion to dismiss, that an individual employee cannot be made a defendant to a claim for breach of contract where that individual was not a signatory to the contract. See Docket No. 9, p. 6 (citing Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249 (1962)). Without further briefing on this issue, the court will not reach it. Instead, the claim is DISMISSED for the same reason as stated with respect to Aramark above.

II. Sullivan's Second Claim for Age Discrimination, Cal. Govt. Code. §12900 *et seq* and Third Claim for Retaliation/Wrongful Termination

A. Against Aramark

"[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" Miller v. AT&T Sys., 850 F.2d 543, 545 (9th Cir. 1988) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)). "Of course, not every dispute involving

---

[2] Sullivan added one sentence to his first claim. It alleges that a condition of his express and implied employment contract with Aramark was that he be provided with notice and an opportunity to be heard in a proceeding for disciplinary action against him. In his fourth claim, Sullivan restates facts but adds no new information.

5

provisions of a collective bargaining agreement is preempted by the LMRA. When the meaning of particular contract terms is not disputed, the fact that a collective bargaining agreement will have to be consulted for information will not result in § 301 preemption." Firestone v. Southern California Gas Co., 219 F.3d 1063, 1065 (9th Cir. 2000); see also Beals v. Kiewitt Pacific Co., Inc., 114 F.3d 892, 895 (9th Cir. 1997) (stating that a claim is not preempted if it merely requires reference to, as opposed to interpretation of, the provisions of a collective bargaining agreement).

As they did with respect to his breach of contract and breach of duty of fair representation claims, the Aramark Defendants argue that Sullivan's age discrimination and retaliation claims are preempted by § 301 of the LMRA. This court held in its Order granting Aramark's first motion to dismiss that resolution of these claims would require interpretation of the Master Agreement, and were therefore preempted. Docket No. 26, pp. 9, 11.

      i.      Age Discrimination

The California Fair Employment and Housing Act makes it an unlawful for an employer, because of "age [over 40 years old] . . . to discharge [a] person from employment . . . or to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a); see also Cal. Gov't Code § 12926(b). Sullivan, who is over the age of 40, alleges that Aramark's "stated basis" for his termination is pretextual. FAC at ¶ 49. He alleges that "[t]he real reasons and [sic] Aramark has targeted the plaintiff include: 1) Aramark seeks to replace senior RSRs with younger, cheaper personnel, and 2) Aramark seeks to defray its substantially larger costs . . . for older workers, including plaintiff." Id. at ¶ 51. Notably, Sullivan deleted a reference to his "due process under the Master Agreement" which he had alleged in the original complaint. See Complaint at ¶ 49. However, his introductory allegations repeatedly reference the due process rights he was owed under the Master Agreement and which were violated in the course of his termination from Aramark. See FAC ¶¶ 22, 28-30, 39(p). These paragraphs are reincorporated by reference into the age discrimination claim. FAC ¶ 45.

The Aramark Defendants argue that these allegations make clear that his claim "must be tested against the terms of the [Master Agreement], including, for example, the provisions regarding Termination of Employment; Reprimands and Warnings; and Misconduct (Article 27) and

6

1  Grievances and Arbitration (Article 28)," Motion at 7-8, and this Court agrees. In its previous Order,
2  the court said that "[t]o determine what 'due process' [Sullivan] may have been entitled to but was
3  not given requires this Court to interpret the agreement." Docket No. 26, p. 9. Sullivan's deletion of
4  the phrase "due process" from here, only to insert and reincorporate it elsewhere in the complaint,
5  does not cure the problem.

6  Moreover, Sullivan offers no facts to support his claim of age discrimination. After
7  Twombly and Iqbal, "an employment discrimination plaintiff must get closer to a prima facie case
8  than was necessary a few years ago." Sablan v. A. B. Won Pat Int'l Airport, 2010 WL 5148202, *4
9  (D. Guam, Dec. 9, 2010); see also Swierkewicz v. Sorema N.A., 534 U.S. 506, 514 (requiring such
10 a plaintiff to plead "the events leading to termination . . . relevant dates . . .and [] the ages . . .of at
11 least some of the relevant persons involved"). Sullivan's age discrimination claim offers nothing but
12 the barest conclusory allegations that Aramark engaged in age discrimination, without the requisite
13 supporting facts. Thus, the court is left with nothing to analyze *except* for whether Sullivan was
14 denied rights provided for in the Master Agreement, and the claim is therefore preempted.
15 Accordingly, Sullivan's age discrimination claim against Aramark is DISMISSED.

16           ii.     Retaliation/Wrongful Termination

17 As for Sullivan's retaliation claim, the Aramark Defendants again argue that Sullivan's
18 claim requires the Court to interpret the Master Agreement. As with his age discrimination claim,
19 Sullivan attempts to avoid this problem by deleting the reference to "contract terms" that appeared
20 in his original complaint. See Complaint ¶ 54. But once again, the detailed descriptions earlier in the
21 complaint (and incorporated into this claim) belie Sullivan's attempt to argue that no interpretation
22 of the Master Agreement is needed. See FAC ¶¶ 22, 28-30, 39. Sullivan alleges that his termination
23 was for "protected union activity," yet he offers no facts to explain what union activity caused the
24 retaliation. FAC ¶ 56. Instead, he relies on a statement he alleges Pacheco made in 2006, that "if
25 [he] became general manager one of the first things [he] would do is fire Dan Sullivan." FAC ¶ 55.
26 While evaluating this statement alone does not require any interpretation of the Master Agreement,
27 an analysis of any and all of the events leading up to Sullivan's termination do require such
28

7

interpretation because the court must analyze whether Sullivan's termination and the process leading thereto were justified in light of the agreement.

Because Sullivan did not oppose this motion, the court does not have the benefit of briefing on whether his amendments are sufficient to cure preemption under § 301 of the LMRA. The court knows of no authority that would support Sullivan's position. Accordingly, Sullivan's third claim against Aramark is DISMISSED.

### B. Against Pacheco

In their motion to dismiss Sullivan's original complaint, the Aramark defendants argued that Pacheco may not be held individually liable for retaliation/wrongful termination. As the court noted in its Order granting that motion to dismiss, there is no clear rule on this point. Docket No. 26, p. 11. However, the Aramark defendants have not raised that argument in the instant motion. Nor has Sullivan offered any authority to support his ability to bring his wrongful termination claim against Pacheco individually. Therefore, the court does not reach this issue. As stated above, this claim is preempted by § 301 of the LMRA. Accordingly, Sullivan's third claim for retaliation against Pacheco is DISMISSED.

### III. Whether Further Amendment Would Be Futile

As stated above, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). In its order granting the Aramark defendant's first motion to dismiss, the court explained that Sullivan had pled a hybrid claim under § 301 of the LMR, which was barred unless he could plead a tolling of the six-month statute of limitations. Docket No. 26, p. 6-7. He has not done so. Further, the court found that both his age discrimination and retaliation claims required interpretation of the Master Agreement, and would have to be amended so as not to require such interpretation to avoid preemption. Id. at 9, 11. Sullivan's deletion of a few phrases, when the only facts on which these claims are based are still heavily reliant on whether he was denied rights under the Master Agreement, cannot provide a cure

to preemption. The court concludes that giving Sullivan another opportunity to amend the complaint would be futile and would not result in a claim upon which relief could be granted. Indeed, plaintiff's counsel seemed to admit as much at hearing on the instant motion. Therefore, the court grants the Aramark defendant's motion to dismiss without leave to amend.

## CONCLUSION

Based on the foregoing, the Aramark Defendants' motion to dismiss is GRANTED in its entirety, WITHOUT leave to amend. Because the Union Defendants have been dismissed, their motion to dismiss is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: November 18, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C11-02973 HRL** N**otice will be electronically mailed to:**

2  Andrew H. Baker          abaker@beesontayer.com, eaviva@beesontayer.com,
                             lhodge@beesontayer.com
3  Eric Meckley             emeckley@morganlewis.com, mary.gonzalez@morganlewis.com
   Kathryn M. Dancisak      kdancisak@morganlewis.com, kgregory@morganlewis.com
4  Larry Alan Peterson      lapetersn@gmail.com

5  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**